FILED

CHARLES CARREON, ESQ. (127139)
2165 S. Avenida Planeta
Tucson, Arizona 85710
Tel: 520-841-0835
Attorney for Plaintiffs
Americana Communications, Inc., and
AIVA Corporation

10 JUN 11 PM 1: 12

CLERK U S DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

AMERICANA COMMUNICATIONS, INC.,
a Wyoming Corporation, and AIVA
CORPORATION, a Wyoming Corporation,

          Plaintiffs,

vs.

WMS PROVIDERS, INC., a Florida
Corporation, ROBERT ALLEN, KEITH
HILL, a citizen of California, and Does 1 - 10,

          Defendants.

Case No. **CV10 4320-MRP**
(FFMx)

**COMPLAINT FOR DAMAGES,
CONSTRUCTIVE TRUST, AND
DECLARATORY RELIEF**

For its complaint against defendants, plaintiffs alleges as follows:

## THE PARTIES

1.    Plaintiffs Americana Communications, Inc. and AIVA Corporation ("Plaintiffs"), are engaged in online commerce in which they receive credit card payments from customers who subscribe to their membership websites.

2.    Defendant WMS Providers, Inc. ("WMS") is a company that purports to provide credit card processing services, with its corporate mailing address as recorded in the Florida Secretary of State records at 28015 Smyth Drive, Valencia, California 91355. Robert Allen ("Allen") is the owner of WMS. WMS is the alter ego of Allen, the primary shareholder of WMS, an

COMPLAINT

undercapitalized entity that he utilizes, and has utilized, for the purpose of committing fraud upon Plaintiffs in the matter alleged herein.

3.      Keith Hill ("Hill") is a resident of California, an actual and apparent agent of WMS who engaged in the transactions alleged herein in the State of California.

4.      Does 1 – 20 are other parties, including foreign banking institutions based outside the United States, and others who, in a manner not yet known to Plaintiffs, have caused the harms alleged herein, and whom Plaintiffs will designate by their true names by amendment upon discovery of their true identities.  Doe 1 is that entity referred to below as "Acquiring Bank."

## SUBJECT MATTER JURISDICTION

5.      The parties are diverse, the amount in controversy is in excess of $ 75,000, and thus, this Court has jurisdiction over the action pursuant to 28 U.S.C. §1332.

## VENUE

6.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because defendant Keith Hill, the agent of WMS, is a resident of Los Angeles County, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

7.      On or about December 1, 2009, Hill, acting as the agent of WMS for consideration, represented to Plaintiffs that WMS would issue Plaintiffs a Merchant Identification Number ("MID"), and that WMS would process credit card transactions on behalf of Plaintiffs through a bank with which WMS had a relationship ("Acquiring Bank").  WMS represented that WMS's fees, which were inclusive of all fees charged by the Acquiring Bank, would be 6.5 % on all credit card transactions, plus a fee of $0.65 per transaction, and a monthly "maintenance fee" of $200.  WMS represented that it would provide Plaintiffs with regular accountings of all credit card transactions processed by the Acquiring Bank.

8.      Plaintiffs paid WMS a "Set-up Charge" in the amount of $ 1,595 to issue the MID, establish the relationship with the Acquiring Bank, and provide Plaintiffs with a user name and password that provided access to WMS's computerized "Admin Gateway."

9.     On February 23, 2010, Plaintiffs began utilizing the WMS Admin Gateway to process credit card transactions.  From February 23, 2010 through March 14, 2010, Plaintiffs processed a total volume of $ 1,017,843.56 of credit card transactions through WMS.  The credit cards of Plaintiffs' customers were charged, the transactions were handled through the WMS Admin Gateway, and Plaintiffs provided their customers with the subscription website access for which they had paid.

10.     Plaintiff's however, received none of the revenue derived from their sales of subscription website access.  On March 15, 2010, WMS and Allen told Plaintiffs that the bank through which it was processing Plaintiffs' transactions had refused to make any payments to WMS, and therefore, WMS had no funds to transfer to Plaintiffs; however, this was a false statement.  WMS and Allen had in fact simply converted the $1,017,843.56 in funds due Plaintiffs (the "Converted Funds") to their own use and possession, in complete, unlawful defiance of Plaintiffs' rights of ownership thereto.  Alternatively and conjunctively, the Acquiring Bank, *i.e.,* Doe 1, converted the funds for its own use and possession, and/or all of the defendants conspired to take control of the Converted Funds and divided the ill-gotten gains amongst themselves.

### FIRST CLAIM FOR RELIEF

### For Receiving Stolen Property In Violation of Cal. Penal Code Section 496

### Against WMS and Allen and Does 1 - 20

11.     Plaintiff realleges and incorporates each and every allegation contained herein as if fully set forth hereat.

12.     WMS and Allen stole the Converted Funds by means of a series of fraudulent acts in violation of: 18 U.S.C. § 1343 (Wire fraud); 18 USC § 1029 (Fraud in connection with a means of account access); Cal. Penal Code § 506 (Embezzlement by trustee, banker, merchant or broker); Cal. Penal Code § 470(b) (Forgery); Cal. Penal Code  § 470(d) (Forgery of property certificate); and Cal. Penal Code § 496(a) (Theft by Receiving).

13.     WMS and Allen lacked any lawful title to the Converted Funds, and thus the transfer of the funds was mere theft, a void and unlawful transfer that passed no lawful title in the Converted Funds to WMS or Allen.

COMPLAINT

14.    Alternatively and conjunctively, Plaintiffs allege that Plaintiffs' funds were transferred to Does 1 – 20, who had no lawful right to receive and retain the same, and either themselves committed the crimes alleged hereinabove in paragraph 12, or were the knowing beneficiaries of said crimes; wherefore, they are guilty for and liable for the said crimes, including but not limited to theft by receiving in violation of Cal. Penal Code § 496(a).

15.    Plaintiffs suffered damages in the amount of $1,017,843.56, the full amount of the Converted Funds, of which WMS and Allen are entitled to no portion whatsoever, since they did not perform any of the duties agreed to with respect to processing the Converted Funds, and simply used their access to embezzle and convert them to their own use.

16.    Pursuant to Cal. Penal Code § 496(c), Plaintiffs are entitled to recover three times the amount of the damages suffered due to the theft, and the attorneys fees and costs incurred in the prosecution of this action.

17.    Plaintiffs are entitled to recover prejudgment interest at the statutory rate pursuant to Cal. Civil Code § 3287 and § 3288.

## SECOND CLAIM FOR RELIEF

### Conversion, Against WMS and Allen and Does 1 - 20

18.    Plaintiff realleges and incorporates each and every allegation contained herein as if fully set forth hereat.

19.    The Converted Funds were individually and in the aggregate, specific, traceable, identifiable sums.  The Converted Funds are personal property represented by and merged with transactional documents that record the intentions of Plaintiffs' customers to transfer the funds to Plaintiffs in lawful exchange for services received, to wit, electronic and paper receipts, ledgers, books and records that evidence Plaintiffs' ownership, title, and right to possession thereof.

20.    WMA and Allen intentionally interfered with Plaintiffs' use and possession of the said Converted Funds or some portion thereof, and converted the same to their own use.

21.    Alternatively and conjunctively, Plaintiffs allege that Does 1 – 20 intentionally interfered with Plaintiffs' use and possession of the said Converted Funds or some portion thereof, and converted the same to their own use.

22.     Alternatively and conjunctively, WMS, Allen, and Does 1 – 20 conspired with each other to intentionally interefere with Plaintiffs' use and possession of the said Converted Funds, dividing the unlawful proceeds among themselves according to an agreed scheme, thereby interfering with Plaintiffs' use and possession of the Converted Funds and appropriating Plaintiffs' property to their own use.

23.     Plaintiffs have been damaged in the amount of $1,017,843.56.

24.     Plaintiffs are entitled to recover prejudgment interest at the statutory rate pursuant to Cal. Civil Code § 3287 and § 3288.

25.     The conversion of the Converted Funds was an act in willful violation of Plaintiffs' rights, fraudulent, malicious and oppressive; wherefore, punitive damages are warranted.

### THIRD CLAIM FOR RELIEF

### Money Had and Received – Assumpsit

### Against WMS and Allen and Does 1 – 20

26.     Plaintiff realleges and incorporates each and every allegation contained herein as if fully set forth hereat.

27.     An implied in fact contract arose between WMS and Allen on the one hand, and Plaintiffs on the other hand, that WMS and Allen would process Plaintiffs' credit card transactions on the stated terms, to wit, 6.5 % on all credit card transactions, plus a fee of $0.65 per transaction, and a monthly "maintenance fee" of $200.

28.     WMS and Allen completely failed in their performance of the stated terms.

29.     Plaintiffs have made demand upon WMS and Allen for return of the Converted Funds, which WMS and Allen have refused.

30.     Plaintiffs have been damaged in the amount of the loss of the Converted Funds, to wit, $1,017,843.56.

31.     Plaintiffs are entitled to recover prejudgment interest at the statutory rate pursuant to Cal. Civil Code § 3287 and § 3288.

### FOURTH CLAIM FOR RELIEF

### Negligent Misrepresentation

COMPLAINT

**Against Keith Hill**

32.     Plaintiff realleges and incorporates each and every allegation contained herein as if fully set forth hereat.

33.     On December 9, 2009, Hill, for consideration paid by WMS and Allen, as an authorized and apparent agent of WMS and Allen, represented to Plaintiffs, that WMS would process Plaintiffs' credit card transactions reliably, and would make payment of all funds due to Plaintiffs promptly (herein the "Representations").

34.     In making the Representations to Plaintiffs, Hill assumed a duty to exercise reasonable care to communicate only accurate information regarding WMS and Allen to Plaintiffs.

35.     Hill failed to exercise reasonable care to ascertain the truth of the Representations, and if he had exercised such care, he would have ascertained the truth of the matter, to wit, that WMS and Allen were not engaged in honest business, and would abscond with Plaintiff's funds if presented with the opportunity.

36.     Hill knew Plaintiffs would give serious weight in deciding whether to use WMS and Allen to process their credit card transactions, and therefore, the Representations were material.

37.     Further, Hill had access to knowledge that Plaintiffs could not obtain regarding the true intentions of WMS and Allen, to wit, that they could not be relied upon to handle the large sums that Plaintiffs were about to entrust to them.  Because of his possession of this unique, material information, Hill was obliged to disclose these facts to Plaintiffs; however, he did not disclose all that he knew, and thus presented an incomplete version of the facts upon which he knew Plaintiffs would rely.

38.     With full knowledge that Plaintiffs would rely upon both the Representations and upon the incomplete version of the facts that resulted from his failure to disclose material information known exclusively to himself, Hill presented WMS and Allen to Plaintiffs as reliable credit card transaction processors.

39.     Hill made the Representations and presented the incomplete version of the facts with the intent to induce Plaintiffs to employ WMS and Allen to process their credit card transactions.

40.     Plaintiffs did in fact rely upon Hill's Representations in choosing to entrust WMS and Allen with the processing of their credit card transactions.

41.     Due to their reliance upon Hill's Representations, Plaintiffs suffered damages in the form of the loss of the Converted Funds, all to their pecuniary damage in the amount of $1,017,843.56.

42.     Plaintiffs are entitled to recover prejudgment interest at the statutory rate pursuant to Cal. Civil Code § 3287 and § 3288.

**FIFTH CLAIM FOR RELIEF**

**Constructive Trust**

**Against WMS and Allen and Does 1 – 20**

43.     Plaintiff realleges and incorporates each and every allegation contained herein as if fully set forth hereat.

44.     Defendants WMS, Allen and Does 1 – 20 received possession of Plaintiffs' personal property, to wit, the Converted Funds, due to fraud, accident, mistake, undue influence, the violation of a trust, and/or other wrongful acts.

45.     The rights of Plaintiffs to possess the Converted Funds are superior to those of the said defendants.

46.     Wherefore, pursuant to Cal. Civil Code § 2224, the said defendants are and should be declared the involuntary trustees of the Converted Funds.

47.     Plaintiffs have made demand for return of the Converted Funds, which the said defendants have refused.

48.     Wherefore, by the allegations set forth herein, Plaintiffs repeat their demand, and having no remedy at law, invoke the equitable jurisdiction of the Court to order the said defendants to preserve the Converted Funds for the benefit of Plaintiffs, to deliver the Converted Funds to Plaintiffs, and to deliver all profits gained from the use of the Converted Funds during their period of their involuntary trusteeship.

49.     Plaintiffs are entitled to recover prejudgment interest at the statutory rate pursuant to Cal. Civil Code § 3287 and § 3288.

COMPLAINT

7

**SIXTH CLAIM FOR RELIEF**

**Declaratory Relief Under 28 U.S.C. § 2201**

**Against WMS and Allen and Does 1 – 20**

50.     Plaintiff realleges and incorporates each and every allegation contained herein as if fully set forth hereat.

51.     An actual dispute has arisen between the Plaintiffs on the one hand and defendants on the other hand as to the right to possession of the Converted Funds.

52.     Wherefore Plaintiffs pray for a declaration of rights establishing that:

1.   The Converted Funds were transferred out of the control of Plaintiffs involuntarily, without the knowledge of Plaintiffs, by forgery and mere theft;

2.   The means by which the Converted Funds were transferred out of the control of Plaintiffs transferred no valid title in the Converted Funds to the transferees, and Plaintiffs remain the sole, true lawful owners of the Converted Funds;

3.   Plaintiffs are entitled to immediate possession of the Converted Funds;

4.   Plaintiffs are entitled to an order reversing the transfer of the Converted Funds to any parties other than themselves;

5.   Each of the defendants, or their coconspirators, agents or alter egos having possession of the Converted Funds or any portion thereof are holding the same in defiance of the rights of Plaintiffs, the sole true owners;

6.   Each of the defendants having any knowledge of the disposition of Converted Funds are required to provide an accounting thereof;

7.   Each of the defendants having possession of Converted Funds are required to disgorge the full amount of the sums in their possession;

8.   Each of the defendants having had use of the Converted Funds are required to disgorge all interest and investment income earned from the Converted Funds to Plaintiffs;

9.   Plaintiffs are entitled to apply for and receive preliminary injunctive relief by way of orders issued pursuant F.R.Civ.P. 65 that will effectuate their rights to receive accountings, disgorgement, imposition of constructive trust, pretrial and post-judgment restraint of asset transfers and conveyances to prevent dissipation of assets, and all other orders that will serve to protect the effect of this Court's lawful judgment and Plaintiff's execution thereon.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment against defendants as follows:

1)   ON THE FIRST CLAIM FOR RELIEF:

For damages according to proof in the amount of $1,017,843.56, trebled to the sum of $3,053,530.68;

For attorneys fees;

For prejudgment interest pursuant to Cal. Civil Code § 3287 and § 3288;

2)   ON THE SECOND CLAIM FOR RELIEF:

For damages according to proof in the amount of $1,017,843.56;

For punitive damages according to proof;

For prejudgment interest pursuant to Cal. Civil Code § 3287 and § 3288;

3)   ON THE THIRD CLAIM FOR RELIEF:

For damages according to proof in the amount of $1,017,843.56;

For prejudgment interest pursuant to Cal. Civil Code § 3287 and § 3288;

4)   ON THE FOURTH CLAIM FOR RELIEF:

For damages according to proof in the amount of $1,017,843.56;

For prejudgment interest pursuant to Cal. Civil. Code § 3288;

5)   ON THE FIFTH CLAIM FOR RELIEF:

For a constructive trust on all Converted Funds;

For prejudgment interest pursuant to Cal. Civil Code § 3287 and § 3288;

6)   ON THE SIXTH CLAIM FOR RELIEF:

For a declaration of the rights of the parties to the Converted Funds;

For pretrial and post-judgment orders pursuant to F.R.Civ.P. 65;

For such other equitable relief as will serve the ends of justice;

7)    ON ALL CLAIMS FOR RELIEF:

For costs and disbursements; and,

For such other and further relief as the Court deems to be just and proper.

Dated:  June 10, 2010                         CHARLES CARREON, ESQ.


By: s/Charles Carreon/s
CHARLES CARREON, ESQ. (CSB # 127139)
Attorney for Plaintiffs
Americana Communications, Inc. and
AIVA Corporation

COMPLAINT
10

1

## DEMAND FOR JURY TRIAL

2

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims

3

and issues proper for jury determination.

4

5

Dated:  June 10, 2010                    CHARLES CARREON, ESQ.

6

7

8
                                         By: s/Charles Carreon/s
                                         CHARLES CARREON, ESQ. (CSB # 127139)
                                         Attorney for Plaintiffs
9                                        Americana Communications, Inc. and
                                         AIVA Corporation
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
AMERICANA COMMUNICATIONS, INC., a Wyoming Corporation, and
AIVA CORPORATION, a Wyoming Corporation,

**DEFENDANTS**
WMS PROVIDERS, INC., a Florida Corporation, ROBERT ALLEN, KEITH
HILL, a citizen of California, and Does 1 - 10,

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing
yourself, provide same.)
CHARLES CARREON, ESQ. (CSB# 127139) 2165 S. Avenida Planeta
Tucson, Arizona 85710
520-841-0835

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No  ☒ **MONEY DEMANDED IN COMPLAINT:** $ 3,053,530.08

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**CV10  4320**

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08) — CIVIL COVER SHEET — Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                        ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                        ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                        ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | AMERICANA COMMUNICATIONS, INC., a Wyoming Corporation<br>AIVA CORPORATION, a Wyoming Corporation |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Keith Hill, Los Angeles County | WMS PROVIDERS, INC., a Florida Corporation<br>ROBERT ALLEN, a Florida resident |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
      **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date  June 9, 2010

    **Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CHARLES CARREON (CSB# 127139)
2165 S. Avenida Planeta
Tucson, Arizona 85710
Tel:  520-841-0835
Email: chas@charlescarreon.com
Attorney for Plaintiffs Americana Communications, Inc. and
AIVA Corporation

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

AMERICANA COMMUNICATIONS, INC., a Wyoming
Corporation, and AIVA CORPORATION, a Wyoming
Corporation,
                                            PLAINTIFF(S)

v.

WMS PROVIDERS, INC., a Florida Corporation, ROBERT
ALLEN, KEITH HILL, a citizen of California, and Does 1 - 10

                                            DEFENDANT(S).

CASE NUMBER

CV10 4320 -MRP/FFM)

SUMMONS

TO:   DEFENDANT(S):   WMS PROVIDERS, INC., a Florida Corporation,
                      ROBERT ALLEN,
                      KEITH HILL, a citizen of California, and Does 1 - 20

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer
or motion must be served on the plaintiff's attorney, CHARLES CARREON , whose address is
2165 S. Avenida Planeta Tucson, Arizona 85710 . If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint.  You also must file
your answer or motion with the court.

Clerk, U.S. District Court.

Dated: June 11, 2010                         By: _____
                                                 MARINA DAVIS
                                                 Deputy Clerk

                                                 (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed
60 days by Rule 12(a)(3)].*